IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID A. CAWTHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv429-MHT |
| | ) | (WO) |
| MELISSA HEMINGWAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

On June 15, 2015 (Doc. 1), Plaintiff, an inmate at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"), filed a complaint under the Administrative Procedures Act ("APA") and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging a denial of his right of meaningful access to the courts resulting from the inadequacy of required materials in the FPC Montgomery law library.  The Defendants have filed a special report and supporting evidentiary materials addressing Plaintiff's claims.  Doc. 43.  Within Plaintiff's original pleading is a *Motion for Preliminary Injunction and/or Protective Order* seeking to enjoin Defendants from failing to "abide by BOP policy and constitutional law" and from taking any retaliatory action against him.  *See* (Doc. 1) at 10, 12-13.  Upon review of Plaintiff's *Motion for Preliminary Injunction and/or Protective Order* and the special report filed by Defendants, the court concludes  Plaintiff's motion is due to be denied.

## II.   STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction is within the sound discretion of the district court.  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  This court may grant a preliminary injunction only if Plaintiff demonstrates each of four prerequisites:  (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" will defeat the party's claim, regardless of the party's ability to establish any of the other prerequisites. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

## III.   DISCUSSION

Plaintiff alleges that Defendants violated his right of meaningful access to the courts by removing the printed set of *American Jurisprudence 2d* ("Am. Jur. 2d") from the law library at FPC Montgomery and by replacing two typewriters in the law library with limited word processing capability with three manual typewriters.  (Doc. 1) at 3-4.  He further alleges that the Federal Bureau of Prisons ("BOP") violated its own program statement when it removed the printed set of Am. Jur. 2d from the law library.

2

Defendants filed a special report supported by evidentiary materials addressing Plaintiff's claims.  In their special report, Defendants note that in 2009 the BOP implemented the LexisNexis Electronic Law Library ("ELL") system to replace printed books in all federal prison law libraries.  Defs.' Ex. 1, *Declaration of Melissa Hemingway* at ¶ 4.  Defendants note that the ELL provides prisoners with electronic access to an extensive library of legal research materials specifically designed for inmate use.  *See* Defs.' Ex. 3*, LexisNexis Legal Research Solutions for Prisons*.  The ELL is uniform across all BOP facilities and is regularly updated by LexisNexis.  Defs.' Ex. 1, *Hemingway Decl.* at ¶ 4.  Defendants maintain that the ELL contains the same or comparable materials to those listed in Attachment A to BOP Program Statement 1315.07, Legal Activities, Inmate (11/5/99).  Defs.' Ex. 1, *Hemingway Decl.* at ¶ 4; *see* Defs.' Ex. 2.  The ELL does not contain Am. Jur. 2d. Defendants further note that the FPC Montgomery law library has ten ELL work stations available for inmates to conduct legal research seven days a week.  *Id.* at ¶ 5.  In May 2014, FPC Montgomery removed numerous printed law books, including Am. Jur. 2d, from the law library to bring the library up to date.  Defs.' Ex. 1, *Hemingway Decl.* at ¶ 4.

Defendants state that in January 2015, FPC Montgomery removed two Swintec model 7040 typewriters from the inmate law library because they were not working properly. Defs.' Ex. 1, *Hemingway Decl.* at ¶ 6.  The two typewriters had a memory and screen display. *Id.* at ¶¶ 6-7.  When the two typewriters were removed, five other typewriters remained in the law library.  *Id.* at ¶ 6.  In May 2015, FPC Montgomery installed three new Swintec

model 2410 cc typewriters in the law library. *Id.* at ¶ 7. These typewriters are purely manual and lack memory or display screens. Defendants aver that FPC Montgomery selected these typewriters because they are designed for a correctional setting, are user-friendly, and cost less. *Id*.

As noted above, Plaintiff's *Motion for Preliminary Injunction and/or Protective Order* seeks to enjoin Defendants from failing to "abide by BOP policy and constitutional law." (Doc. 1) at 10. The court finds that Plaintiff's request for a preliminary injunction is essentially wrapped up in his action under the APA and *Bivens*, which will afford him with adequate redress for his allegations. Because Plaintiff has a forum for his complaint, equitable remedies such as preliminary injunctions and/or protective orders will not be given.

Furthermore, after careful review, the court finds Plaintiff fails to meet the prerequisites for issuance of a preliminary injunction, including, specifically, demonstrating a substantial likelihood of success on the merits. Plaintiff does not demonstrate that his lack of access to Am. Jur. 2d prevented him from filing an actual, nonfrivolous claim attacking his sentence or challenging his conditions of confinement, as required to sustain an access-to-court claim under *Lewis v. Casey*, 518 U.S. 343, 346-57 (1996). Moreover, the BOP's alleged failure to comply with its program statement does not amount to a violation of a constitutional or statutory right enjoyed by Plaintiff. *See Robles v. English*, 2013 WL 3797594 *5 (N.D. Fla. Jul. 19, 2013); *Robinson v. Vasquez*, 2007 WL 4209370 *2 (S.D. Ga. Nov. 26, 2007) ("This Court cannot find that the bare allegations of non-compliance with a

prison regulation is sufficient to give rise to a constitutional violation."). *See also Reno v. Koray*, 515 U.S. 50, 60-61 (1995) (explaining that BOP program statements are internal agency guidelines rather than published regulations subject to the rigors of the APA); *Moon v. Walton*, 2014 WL 788895 *2 (S.D. Ill. Feb. 27, 2014) (holding that "Program Statement[s] ... do not give rise to any due process rights"). "The BOP's purported violation of its own program statement simply is not a violation of federal law[.]" *Reeb v. Thomas*, 636 F.3d 1224, 1228 (9th Cir. 2011). Finally, as Defendants observe in their special report, Plaintiff's allegations concerning use of manual, rather than electronic, typewriters implicate no constitutional right, and Plaintiff's voluminous filings in this case demonstrate that use of the manual typewriters and lack of access to Am. Jur. 2d have not significantly affected his ability to file court papers. *See* (Doc. 43) at 5.

By his *Motion for Preliminary Injunction and/or Protective Order*, Plaintiff also seeks to enjoin Defendants from taking any retaliatory action against him.[1] Regarding this request, if Plaintiff's motion were granted, the resulting injunction would amount to a broad instruction to Defendants to obey the law. Rule 65(d) of the Federal Rules of Civil Procedure requires injunctions to be specific; an injunction that merely orders a defendant to obey the law is too broad and too vague to be enforceable. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999).

---

[1] Plaintiff does not specify any retaliatory actions allegedly taken against him by Defendants.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The *Motion for Preliminary Injunction and/or Protective Order* (Doc. 1) be DENIED.

2.   This case be referred to the undersigned for additional proceedings.

It is further ORDERED that **on or before March 9, 2016,** Plaintiff may file an objection to the  Recommendation.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.   Plaintiff is further advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings in the Recommendation shall bar a party from a *de novo* determination by the District Court of issues addressed in the Recommendation and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 24th day of February, 2016.

_____/s/ Wallace Capel, Jr._____
UNITED STATES MAGISTRATE JUDGE