IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID A. CAWTHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv429-MHT |
| | ) | (WO) |
| MELISSA HEMINGWAY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Before the court is Plaintiff's "Motion for a Writ of Mandamus," in which Plaintiff, a federal inmate at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"), requests that this court order the Defendants in this civil action to abide by Federal Bureau of Prisons ("BOP") program statements, constitutional law, and the Administrative Procedures Act ("APA") by installing a complete printed set of *American Jurisprudence 2d* ("Am. Jur. 2d") in the law library at FPC Montgomery. Doc. 87.

In June 2015, the Plaintiff filed a complaint under the APA and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging a denial of his right of meaningful access to the courts resulting from the inadequacy of materials in the FPC Montgomery law library, stemming in particular from the BOP's removal of the printed set of Am. Jur. 2d from the law library. Doc. 1. In response to the complaint, the Defendants filed a special report supported by evidentiary materials. Doc. 43. In their special report, the Defendants stated that in 2009 the BOP implemented the LexisNexis

Electronic Law Library ("ELL") system to replace printed books in all federal prison law libraries. Defs.' Ex. 1, *Declaration of Melissa Hemingway* at ¶ 4. The Defendants noted that the ELL provides federal prisoners with electronic access to an extensive library of legal research materials specifically designed for inmate use. *Se*e Defs.' Ex. 3, *LexisNexis Legal Research Solutions for Prisons*. The ELL is uniform across all BOP facilities and is regularly updated by LexisNexis. Defs.' Ex.1, *Hemingway Decl*. at ¶ 4. The Defendants maintained that, although the ELL does not contain Am. Jur. 2d., it contains the same or comparable materials to those listed in Attachment A to BOP Program Statement 1315.07, Legal Activities, Inmate (11/5/99). Defs.' Ex. 1, *Hemingway Decl*. at ¶ 4; *see* Defs.' Ex. 2. The Defendants stated that the FPC Montgomery law library has ten ELL work stations available for inmates to conduct legal research seven days a week. *Id*. at ¶ 5.

## II. DISCUSSION

Mandamus is a drastic remedy to be used only in extraordinary circumstances. *See Allied Chemical Corp. v. Daiflon, Inc*., 449 U.S. 33, 34 (1980). The Eleventh Circuit has established three requirements for issuing a writ of mandamus: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003); *see also, Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (mandamus relief is an extraordinary remedy only appropriate when plaintiff has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty).

Here, the Plaintiff has other adequate remedies to pursue the relief he seeks. Indeed, the relief he seeks in his mandamus petition is the same relief he seeks in his complaint in

his pending action under the APA and *Bivens*. *See* Doc. 1. It is also the same relief he requested in the "Motion for Preliminary Injunction and/or Protective Order" he previously filed in this case. *See* Doc. 1 at 10–13. In denying that motion, this court stated:

> The court finds that Plaintiff's request for a preliminary injunction is essentially wrapped up in his action under the APA and *Bivens*, which will afford him with adequate redress for his allegations. Because Plaintiff has a forum for his complaint, equitable remedies such as preliminary injunctions and/or protective orders will not be given.
>
> Furthermore, after careful review, the court finds Plaintiff fails to meet the prerequisites for issuance of a preliminary injunction, including, specifically, demonstrating a substantial likelihood of success on the merits. Plaintiff does not demonstrate that his lack of access to Am. Jur. 2d prevented him from filing an actual, nonfrivolous claim attacking his sentence or challenging his conditions of confinement, as required to sustain an access-to-court claim under *Lewis v. Casey*, 518 U.S. 343, 346-57 (1996). Moreover, the BOP's alleged failure to comply with its program statement does not amount to a violation of a constitutional or statutory right enjoyed by Plaintiff. *See Robles v. English*, 2013 WL 3797594 *5 (N.D. Fla. Jul. 19, 2013); *Robinson v. Vasquez*, 2007 WL 4209370 *2 (S.D. Ga. Nov. 26, 2007) ("This Court cannot find that the bare allegations of non-compliance with a prison regulation is sufficient to give rise to a constitutional violation."). *See also Reno v. Koray*, 515 U.S. 50, 60-61 (1995) (explaining that BOP program statements are internal agency guidelines rather than published regulations subject to the rigors of the APA); *Moon v. Walton*, 2014 WL 788895 *2 (S.D. Ill. Feb. 27, 2014) (holding that "Program Statement[s] ... do not give rise to any due process rights"). "The BOP's purported violation of its own program statement simply is not a violation of federal law[.]" Reeb v. Thomas, 636 F.3d 1224, 1228 (9th Cir. 2011).

Doc. 51 at 4–5.

The instant request for mandamus relief is little more than a rephrased version of the Plaintiff's Motion for Preliminary Injunction and/or Protective Order, which itself is "wrapped up" in the Plaintiff's action under the APA and *Bivens*, an action affording the Plaintiff adequate redress for his allegations. *See Brown v. Ebbert*, No. 3:13CV873, 2013

WL 2245142, at *1–2 (M.D. Pa. May 20, 2013) (denying plaintiff mandamus relief because a *Bivens* action would provide a viable and adequate mechanism to assert the plaintiff's claims against federal officials); *Hunter v. Holland*, No. CIV.A. 15-81-DLB, 2015 WL 4606123, at *2 (E.D. Ky. July 30, 2015) (same). Moreover, the Plaintiff, in his mandamus petition, shows neither his "clear and indisputable" right to relief nor the Defendants' "clear duty to act," particularly in light of this court's previous ruling denying his Motion for Preliminary Injunction and/or Protective Order.

Because the Plaintiff has other adequate remedies to pursue the relief he seeks in his mandamus petition (and is doing so through his original complaint), because this court has already addressed the claims in Plaintiff's mandamus petition when denying his Motion for Preliminary Injunction and/or Protective Order, and because the Plaintiff has not shown his clear right to relief or the Defendants' clear duty to act, the instant request for mandamus relief should be denied.

### III. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that:

1. The "Motion for a Writ of Mandamus" (Doc. 87) be DENIED.

2. This case be referred to the undersigned for additional proceedings.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before August 15, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate

Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 1st day of August, 2017.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE